IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1691 (GMS) |
| | ) |
| COX COMMUNICATIONS, INC. and | ) **JURY TRIAL DEMANDED** |
| COXCOM, LLC, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF COX DEFENDANTS
TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Cox Communications, Inc. ("Cox Communications") and CoxCom, LLC ("CoxCom") (collectively, the "Defendants" or "Cox"), by their attorneys, hereby answer the Complaint (the "Complaint") of AIP Acquisition LLC ("AIP") as follows:

**PARTIES**

1. AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies those allegations.

2. Cox Communications is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319. Cox Communications may be served with process via its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:**

Cox admits the allegations contained in paragraph 2 of the Complaint.

3. CoxCom is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia

30319. CoxCom may be served with process via its registered agent, the Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**ANSWER:**

Cox admits the allegations contained in paragraph 3 of the Complaint.

4. Cox Communications is the direct or indirect parent of CoxCom.

**ANSWER:**

Cox admits the allegations contained in paragraph 4 of the Complaint.

5. Cox Communications owns and operates cable systems in the United States through one or more of its subsidiaries, affiliates, partners, or other related parties.

**ANSWER:**

Cox Communications admits that certain of its subsidiaries own and/or operate cable systems in the United States. Except as expressly admitted, Cox Communications denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

**ANSWER:**

Cox admits that the Complaint purports to be a complaint for patent infringement arising under Title 35 of the United States Code.

7. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

**ANSWER:**

Cox admits that this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendants, because they are incorporated under the laws of the State of Delaware.

**ANSWER:**

Cox admits that each of the Defendants is incorporated under the laws of the State of Delaware, and that this Court has personal jurisdiction over each of the Defendants.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this judicial district.

**ANSWER:**

Cox denies the allegations of paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

*AIP and the Patents*

10. The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications. Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the exclusive provider of certain wireless services to commuters in the New York City subway system.

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies those allegations.

11. Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity. Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies those allegations.

12. In late 2010, Arbinet was acquired by another entity. Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patents in suit are part of this portfolio.

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies those allegations.

13. Four of AIP's communications patents are at issue here. These patents concern methods and systems for efficient communication and call processing. Mr. Mashinsky is the named inventor on all of these patents.

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies those allegations.

14. On December 17, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,496,579 ("the '579 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network. The '579 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '579 Patent is attached as Exhibit A.

**ANSWER:**

Cox admits that what appears to be a copy of U.S. Patent No. 6,496,579 ("the '579 Patent") bearing the title "METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS" was attached as Exhibit A to the Complaint. Cox further admits that the face of the '579 Patent reflects that it was issued on December 17, 2002. Cox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies those allegations.

15. On June 20, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,078,654 ("the '654 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location

should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network. The '654 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '654 Patent is attached as Exhibit B.

**ANSWER:**

Cox admits that what appears to be a copy of U.S. Patent No. 6,078,654 ("the '654 Patent") bearing the title "METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS" was attached as Exhibit B to the Complaint. Cox further admits that the face of the '654 Patent reflects that it was issued on June 20, 2000. Cox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and therefore denies those allegations.

16. On February 13, 2001, the United States Patent and Trademark Office issued United States Patent No. 6,188,756 ("the '756 Patent") on, *inter alia*, the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format. The '756 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '756 Patent is attached as Exhibit C.

**ANSWER:**

Cox admits that what appears to be a copy of U.S. Patent No. 6,188,756 ("the '756 Patent") bearing the title "EFFICIENT COMMUNICATION THROUGH NETWORKS" was attached as Exhibit C to the Complaint. Cox further admits that the face of the '756 Patent reflects that it was issued on February 13, 2001. Cox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and therefore denies those allegations.

17. On May 25, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,724,879 ("the '879 Patent") on the communication between two telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network;

converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node. The '879 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '879 Patent is attached as Exhibit D.

**ANSWER:**

Cox admits that what appears to be a copy of U.S. Patent No. 7,724,879 ("the '879 Patent") bearing the title "EFFICIENT COMMUNICATION THROUGH NETWORKS" was attached as Exhibit D to the Complaint. Cox further admits that the face of the '879 Patent reflects that it was issued on February 13, 2001. Cox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and therefore denies those allegations.

18. AIP is the assignee of the '579, '654, '756, and '879 Patents (collectively, "the Patents").

**ANSWER:**

Cox lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies those allegations.

*Cox's Allegedly Infringing Services*

19. Defendants and/or one or more of their affiliates make, use, offer for sale, and/or sell within the United States at least the following infringing communications services:

    a. Cox Business VoiceManager Service with "Call History" features;

    b. Cox Business VoiceManager Service with "Simultaneous Ring" features;

    c. Cox Digital Telephone Service; and

    d. Cox Business PRI and Digital Trunk Service

**ANSWER:**

Cox denies the allegations contained in paragraph 19 of the Complaint.

20. The communications service identified in Paragraph 19(a) provides connection of a call between a calling location and a called location through use of a control location, in which

information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

**ANSWER:**

Cox denies the allegations contained in paragraph 20 of the Complaint.

21. The communications service identified in Paragraph 19(a) provides connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

**ANSWER:**

Cox denies the allegations contained in paragraph 21 of the Complaint.

22. The communications service identified in Paragraph 19(b) provides the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format.

**ANSWER:**

Cox denies the allegations contained in paragraph 22 of the Complaint.

23. The communications services identified in Paragraph 19(c) and 19(d) provide communication between two telecommunication nodes involving a transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

**ANSWER:**

Cox denies the allegations contained in paragraph 23 of the Complaint.

24. Discovery may show that Defendants make, use, offer for sale, and/or sell additional infringing communications services.

**ANSWER:**

Cox denies the allegations contained in paragraph 24 of the Complaint.

## CLAIMS FOR RELIEF

### Count I: Alleged Infringement of the '579 Patent

25. AIP repeats and re-alleges Paragraphs 1-24 as if fully set forth herein.

**ANSWER:**

Cox repeats its responses to paragraphs 1-24 of the Complaint as if fully set forth herein.

26. Cox, through at least the service identified in Paragraph 19(a), has been and still is infringing the '579 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '579 Patent, including at least Claims 1 and 5 of the '579 Patent.

**ANSWER:**

Cox denies the allegations contained in paragraph 26 of the Complaint.

27. As a direct and proximate result of Cox's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cox under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Cox denies the allegations contained in paragraph 27 of the Complaint.

### Count II: Alleged Infringement of the '654 Patent

28. AIP repeats and re-alleges Paragraphs 1-27 as if fully set forth herein.

**ANSWER:**

Cox repeats its responses to paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Cox, through at least the service identified in Paragraph 19(a), has been and still is infringing the '654 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '654 Patent, including at least Claims 1 and 5 of the '654 Patent.

**ANSWER:**

Cox denies the allegations contained in paragraph 29 of the Complaint.

30. As a direct and proximate result of Cox's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cox under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Cox denies the allegations contained in paragraph 30 of the Complaint.

### Count III: Alleged Infringement of the '756 Patent

31. AIP repeats and re-alleges Paragraphs 1-30 as if fully set forth herein.

**ANSWER:**

Cox repeats its responses to paragraphs 1-30 of the Complaint as if fully set forth herein.

32. Cox, through at least the service identified in Paragraph 19(b), has been and still is infringing the '756 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '756 Patent, including at least Claim 8 of the '756 Patent.

**ANSWER:**

Cox denies the allegations contained in paragraph 32 of the Complaint.

33. As a direct and proximate result of Cox's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cox under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Cox denies the allegations contained in paragraph 33 of the Complaint.

### Count IV: Alleged Infringement of the '879 Patent

34. AIP repeats and re-alleges Paragraphs 1-33 as if fully set forth herein.

**ANSWER:**

Cox repeats its responses to paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Cox, through at least the services identified in Paragraph 19(c) and 19(d), has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

**ANSWER:**

Cox denies the allegations contained in paragraph 35 of the Complaint.

36. As a direct and proximate result of Cox's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cox under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**ANSWER:**

Cox denies the allegations contained in paragraph 36 of the Complaint.

## DEMAND FOR JURY TRIAL

37. AIP requests a trial by jury on all issues so triable.

**ANSWER:**

Paragraph 37 sets forth AIP's demand for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

**ANSWER:**

These paragraphs set forth the statement of relief requested by AIP, to which no response is required. Defendants deny that AIP is entitled to any of the requested relief and deny any allegations contained in these paragraphs. Defendants request that a take-nothing judgment be entered in its favor against AIP on each and every count contained in the Complaint.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendants assert the following defenses. Defendants reserve the right to amend this answer with additional defenses as further information is obtained. Defendants assert each of these defenses in the alternative, without admitting that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way or that Plaintiff is entitled to any relief whatsoever. As a defense to the Complaint and each and every allegation contained therein, Defendants allege as follows:

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1. Plaintiff's claims fail to allege facts sufficient to state a claim for relief against Defendants.

## SECOND DEFENSE
### (Non-Infringement)

2. Defendants have not infringed either literally or under the doctrine of equivalents, any valid and enforceable claim of the '579 patent.

3. Defendants have not infringed either literally or under the doctrine of equivalents, any valid and enforceable claim of the '654 patent.

4. Defendants have not infringed either literally or under the doctrine of equivalents, any valid and enforceable claim of the '756 patent.

5. Defendants have not infringed either literally or under the doctrine of equivalents, any valid and enforceable claim of the '879 patent.

## THIRD DEFENSE
### (Invalidity)

6. The claims of the '579 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

7. The claims of the '654 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof,

and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

8. The claims of the '756 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

9. The claims of the '879 patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

**FOURTH DEFENSE**
**(Laches / Estoppel / Waiver)**

10. AIP cannot recover any damages from Cox for any alleged infringement due to the doctrines of laches, estoppel, and/or waiver. On information and belief, AIP and/or its predecessors or affiliates were aware of Cox's allegedly infringing products and services well before filing the Complaint and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted. Such delay was unreasonably long and prejudicial to Cox.

**FIFTH DEFENSE**
**(Failure to Provide Notice)**

11. To the extent that AIP failed to meet the requirements of 35 U.S.C. § 287, AIP is precluded from seeking damages from Cox for any and all alleged infringement prior to the date of notice of any alleged infringement.

## SIXTH DEFENSE
### (Limits on Doctrine of Equivalents)

12. To the extent that AIP's alleged cause of action for infringement of the '579, '654, '756, and/or '879 Patents is based on the doctrine of equivalents, it is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and AIP is stopped from claiming that the '579, '654, '756, and/or '879 Patents patent cover any accused Cox method, system, service, and/or product.

## SEVENTH DEFENSE
### (Statute of Limitations)

13. AIP is barred from receiving at least a portion of its alleged monetary damages for alleged infringement of the '579, '654, and/or '756 patents by the statute of limitations of 35 U.S.C. § 286.

## DEMAND FOR JURY TRIAL

Cox hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Michael L. Brody
Ivan Poullaos
Winston & Strawn LLP
35 West Wacker Dr.
Chicago, Illinois 60601
Telephone: (312) 558-5600

Krishnan Padmanabhan
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700

February 5, 2013
6988098

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 5, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Karen J. Bromberg, Esquire<br>Francisco A. Villegas, Esquire<br>Damir Cefo, Esquire<br>COHEN & GRESSER LLP<br>800 Third Avenue<br>New York, NY 10022 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)